IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TIMOTHY MASON KIMBLE,<br> on behalf of himself and all others similarly situated,<br><br>                                     Plaintiff,<br><br>v.<br><br>COUNTY OF CRAIG, VIRGINIA<br><br>                                    Defendant. | Civil Action No:  7:19CV63<br><br>**TRIAL BY JURY DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff Timothy Mason Kimble ("Kimble" or "Plaintiff"), on behalf of himself and all others similarly situated, (collectively "Plaintiffs"), by counsel, and makes the following allegations:

### PRELIMINARY STATEMENT

1.      Plaintiffs are current and former Emergency Medical Service Technicians ("EMTs") employed by Defendant Craig County, Virginia ("Craig County" or "Defendant") within the three years preceding the date of this Complaint. Plaintiffs seek declaratory relief, injunctive relief, and to recover unpaid overtime compensation, and liquidated damages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*., as amended ("FLSA" or "the Act") for himself and others similarly situated.

### PARTIES

2.      Defendant Craig County is a Virginia County located in Southwestern Virginia and provides a multitude of traditional governmental services and functions to the benefit of its

citizenry and visitors.  Among such services and functions are the provision of emergency and rescue services through the use of EMTs.

3.      Defendant is an "employer" within the meaning of 29 U.S.C. § 207(a)(1).  At all times relevant, Defendant was Plaintiffs' "employer" within the meaning of 29 U.S.C. § 203(d).

4.      Defendant is an "enterprise" which is "engaged in commerce" within the meaning of 29 U.S.C. 203(s)(1).

5.      Kimble is a resident of Virginia currently employed by Defendant. At all times relevant hereto, Kimble has been employed by Defendant within the meaning of the FLSA pursuant to 29 U.S.C. § 203(e)(2).

6.      Kimble brings this action on behalf of himself and other similarly situated current and former nonexempt employees of Defendant who were, or are, employed by Defendants as EMTs who did not engage in fire protection activities and who were subject to the same uniform pay practices and policies described below.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) and (c), and 28 U.S.C. §§ 1331, 2201, 2202.

8.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

## REPRESENTATIVE ACTION ALLEGATIONS FOR FLSA CLAIMS

9.      Plaintiff files this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as Representative Plaintiff. Plaintiff consents to become a party plaintiff in this representative FLSA action pursuant to 29 U.S.C. § 216(b), as evidenced by Plaintiff's "Consent to Become a Party to a Collective Action Under 29 U.S.C. § 216," filed herewith.

10.     Plaintiff, and all others similarly situated are, or were, non-exempt employees employed to operate and work as non-fire protection EMTs for Defendant within the last three (3) years.

11.     Defendant employs, and has employed, multiple persons in the same job functions and/or positions that Plaintiff occupies or has occupied.

12.     At all times relevant hereto, Plaintiff and others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA.

13.     Plaintiff, and all those similarly situated, perform, and have performed, functions which entitle them to receive overtime compensation, yet Defendant has willfully refused to accurately pay them owed overtime wages.

14.     Defendant compensated Plaintiff and all those similarly situated on a uniform basis common to all non-exempt employees performing similar functions.

15.     On information and belief, all of Defendant's operations  are centrally managed, and all or most of Defendant's employees performing functions similar to Plaintiff are subject to common, uniform time-keeping and payroll practices. Defendant has additionally established uniform payroll policies with respect to the payment of overtime compensation which apply to all similarly situated employees in the performance of their duties for Defendant.

16.     The FLSA "collective" of similarly situated employees is composed of all present and former employees who worked as EMTs for Defendant in non-fire protection capacities, who performed the same or similar job functions as Plaintiff and are, or were, subject to the same pay practices, and have been employed within three (3) years of the date of filing this action.

17.    Plaintiff asserts that Defendant's willful disregard of the FLSA described herein entitles Plaintiff and similarly situated employees to the application of the three (3) year limitations period.

### FACTUAL ALLEGATIONS

18.    Beginning in the Summer of 2016 and continuing to the present, Kimble worked for Defendant as a non-fire protection EMT.  His position, and those of others similarly situated, was hourly and non-exempt.

19.    For the duration of his employment, Kimble was classified as non-exempt and was compensated by the hour, and therefore, was entitled to overtime compensation at a rate one and one-half times his regular hourly rate for all hours worked beyond forty (40) in a single week.

20.    Kimble, and others similarly situated, were routinely scheduled for, and worked hours well in excess of 40 in many weeks during the relevant time period.

21.    Up until 2018, Kimble, and others similarly situated, were normally scheduled for, and worked, at least 48 hours each week.

22.    Kimble, and others similarly situated, was paid overtime for some, but not all, of his overtime hours.

23.    During all relevant time periods, EMTs in Craig County are/were paid overtime as if they were engaged in fire protection activities.

24.    Pursuant to § 207(k) of the FLSA, a Governmental employer may elect to pay employees engaged in fire protection activities overtime according to a sliding scale (*See* 29 CFR § 553.230) and need not adhere to the otherwise applicable 7 day / 40 hour standard work week.

25.    Defendant pays overtime to its EMTs as if they are employees "engaged [in] fire protection activities" within the ambit of 29 CFR § 553.210 and only pays them overtime when

they work over 53 hours in a 7 day workweek.  Instead, paying 'straight time' for all hours up to that threshold.

26.    Plaintiff, and others similarly situated, are/were not paid overtime for all hours worked over 40 in a work week.

27.    29 CFR § 553.210(a) covers only employees who are "trained in fire suppression, ha[ve] the legal authority and responsibility to engage in fire suppression, and [are] employed by a fire department of a municipality, county, fire district, or State; and (2) [are] engaged in the prevention, control, and extinguishment of fires or response to emergency situations where life, property, or the environment is at risk."

28.    Plaintiff, and those similarly situated, do not meet the above criteria.

29.    Additionally, Plaintiff, and those similarly situated, are paid only for their 12 or 24 hour shifts regardless of whether they are made to arrive earlier or are forced to stay later than a scheduled shift.  The lone exception being when Plaintiff, and others similarly situated, are paid when  they are held out on an emergency response that began prior to the end of their shift.

30.    Defendant has no clock in/out mechanism available to Plaintiffs. This means that time for certain work activities is not built in to the schedule and goes unpaid.  Such time includes the "hand off" meeting between arriving and departing shifts.  During this meeting, the departing EMTs discuss the condition of the ambulance, any issues that need to be addressed by the incoming EMTs, any equipment left at the hospital, whether supplies need to be replenished, and other pertinent issues. Defendant does not compensate for, or even keep track of this additional time though such meetings are for its benefit.

31.     Despite being required to pay Plaintiffs for overtime for all hours worked beyond forty (40) in a single week, Defendant only paid overtime if an employee worked more than 53 hours in a a 7 day work week.

32.     Defendant has required, suffered, and/or permitted Plaintiff and other similarly situated non-exempt employees to work hours beyond 40 in a work week without overtime compensation in violation of the FLSA.

33.     Additionally, Defendant has, to its own financial benefit, failed to implement an accurate timekeeping system and has instead suffered and permitted Plaintiffs to work regular "off-the-clock" hours.

34.     Defendant has willfully, and systemically engaged in the unlawful uniform policies and practices described herein with respect to Plaintiff, and those similarly situated, in violation of the FLSA.

## COUNT ONE
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

35.     At all times relevant to the matters alleged herein, Defendant has engaged in a pattern, practice, and policy of not compensating Plaintiff and similarly situated non-exempt employees in accordance with federal mandates for certain overtime work performed for Defendant's benefit.

36.     The FLSA requires covered employers such as Defendant to compensate non-exempt employees like the Plaintiff and those similarly situated at a rate of not less than one and one-half time the regular rate of pay for work performed in excess of forty (40) hours a week.

37.     At all times relevant hereto, Defendant knew the FLSA applied to Plaintiff and others similarly situated.

38.     At all times relevant hereto, Defendant had knowledge of their FLSA requirements to pay overtime compensation for hours worked in excess of forty (40) hours a week.

39.     At all times relevant hereto, Defendant had knowledge that Plaintiff, and others similarly situated, worked significant overtime hours that Defendant's compensation policies undervalued or wholesale ignored.  Defendant required such hours be worked and freely accepted the benefit of this time, and at a minimum suffered and permitted this practice. Defendant also should have had knowledge that Plaintiffs were not employees within the ambit of § 207(k) of the FLSA.

40.     Despite knowledge of its obligations under the FLSA, Defendant suffered and permitted Plaintiff and similarly situated employees to routinely work in excess of forty (40) hours in a week without paying all overtime compensation due.

41.     Defendant has an obligation under the FLSA to maintain and pay according to accurate records of time worked by employees.

42.     Defendant has failed to maintain or pay according to accurate time records of all hours worked by Plaintiff, and other similarly situated employees, and in fact intentionally compensated employees in a manner incongruent with their time records and the FLSA.

43.     The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendant knew of, or showed reckless disregard for, the fact that their compensation practices were in violation of the FLSA.

44.     Plaintiff, and other similarly situated present and former employees, are entitled to statutory damages equal to the mandated overtime premium pay within the three (3) years preceding the filing of this Complaint.

45.     Defendant has not acted in good faith with respect to their failure to pay overtime compensation. Defendant has no legitimate reason to believe its actions and omissions were not a violation of the FLSA, thus entitling Plaintiff, and those similarly situated, to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime compensation described above.

WHEREFORE, Plaintiff respectfully request that this Court:

A.     Approve notice, as soon as possible, to those employees and former employees similarly situated to Plaintiff, namely all current and former nonexempt employees of Defendant who were, or are, employed by Defendants as EMTs who did not engage in fire protection activities, during any portion of the three (or more) years immediately preceding the filing of this action, of the existence of this FLSA representative (collective) action, the claims set forth herein and further provide notice of their right to opt-in to this action pursuant to 29 U.S.C. § 216(b). Generally, this notice should inform such employees and former employees that this action has been filed, describe the nature of the action and explain their right to opt in to this lawsuit if they were not paid the proper overtime wage compensation for their hours worked in any week during the statutory period;

B.     Designate this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. § 216(b);

C.     Enter judgment declaring that the acts and practices complained of herein are violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*;

D.     Enter judgment awarding Plaintiff, and all similarly situated present and former employees, actual compensatory damages in the amount shown to be due for unpaid overtime compensation, with pre-judgment interest, against Defendant;

E.      Enter judgment that Defendant's violations of the FLSA were willful;

F.       Enter judgment awarding Plaintiff and all similarly situated present and former employees an amount equal to their overtime damages as liquidated damages;

G.      Enter judgment for post-judgment interest at the applicable legal rate;

H.      Enter judgment awarding Plaintiff, and those similarly situated, reasonable attorney's fees and costs of this suit;

I.      Grant leave to amend to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; to add claims under applicable federal laws, including claims for minimum wages pursuant to 29 U.S.C. § 206; and/or expand the collective definition to include other offices, as appropriate; and/or to add other defendants who meet the definition of Plaintiff's employer, pursuant to 29 U.S.C. § 203(d);

J.      Grant such other relief as the Court deems necessary and proper.

Respectfully submitted,

TIMOTHY KIMBLE

By: /s/ Thomas E. Strelka
Thomas E. Strelka
L. Leigh R. Strelka
STRELKA LAW OFFICE, PC
Warehouse Row
119 Norfolk Avenue, S.W., Suite 330
Roanoke, VA 24011
thomas@strelkalaw.com
leigh@strelkalaw.com


Zev H. Antell (VSB No. 74634)
Paul M. Falabella (VSB No. 81199)
ButlerRoyals, PLC
140 Virginia Street, Suite 302
Richmond, Virginia 23219
Tel:    (804) 648-4848
Fax:    (804) 237-0413

harris.butler@butlerroyals.com
zev.antell@butlerroyals.com
paul.falabella@butlerroyals.com


*Counsel for Plaintiffs*